Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
matthew.rollin@sriplaw.com

*Counsel for Plaintiff*
*Steven LaMont Markos*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| STEVEN LAMONT MARKOS, | CASE NO.: 2:25-cv-09517 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| TABATA U.S.A., INC., | **(INJUNCTIVE RELIEF DEMANDED)** |
| Defendant. | |

Plaintiff STEVEN LAMONT MARKOS by and through his undersigned counsel, brings this Complaint against Defendant TABATA U.S.A., INC. for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff STEVEN LAMONT MARKOS ("Markos") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §106, to copy and distribute Markos' original copyrighted Work of authorship.

2. Markos owns and operates the website, National Park Planner, www.npplan.com. Markos started National Park Planner in 2014 to bring to the public first-hand coverage of the over 400 National Parks that make up America's National Park System, including summaries of the park's amenities and professional photographs of the terrain.

3. Defendant TABATA U.S.A., INC. ("Tabata") is upon information and belief the owner of the brand "Snorkeling Beach," which designs and manufacturers high quality snorkeling equipment, swimming equipment, training aids and accessories for competitive and recreational swimmers. At all times relevant herein, Tabata owned and operated the website located at the internet URL www.snorkelingbeach.com (the "Website").

4. Markos alleges that Tabata copied Markos's copyrighted Work from the internet in order to advertise, market and promote its business activities. Tabata committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the Tabata's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in California.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Tabata engaged in infringement in this district, Tabata resides in this district, and Tabata is subject to personal jurisdiction in this district.

## DEFENDANT

9. Tabata U.S.A., Inc. is a California Corporation, with its principal place of business at 2380 Mira Mar Avenue, Long Beach, CA, 90815-1754, and can be served

by serving its Registered Agent, Grant Nigolian, 650 Town Center Drive, Suite 1880, Costa Mesa, California, 92626.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2016, Markos created the photograph entitled "Biscayne-006," which is shown below and referred to herein as the "Work".



11. Markos registered the Work with the Register of Copyrights on November 3, 2016 as part of a group registration. The Group Registration was assigned registration number VA 2-022-927. The Certificate of Registration is attached hereto as **Exhibit 1**.

12. At all relevant times Markos was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY TABATA

13. Tabata has never been licensed to use the Work for any purpose.

14. On a date after the Work was created, but prior to the filing of this action, Tabata copied the Work.

15. On or about June 11, 2024, Markos discovered the unauthorized use of his Work on the Website as the focal image for its post on "Biscayne National Park- Florida, USA."

16. Tabata copied Markos' copyrighted Work without Markos' permission.

17. After Tabata copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its snorkeling and swimming product sales business.

18. Tabata copied and distributed Markos' copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

19. Tabata committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

20. Markos never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

21. Markos notified Tabata of the allegations set forth herein on February 26, 2025 and April 3, 2025. To date, the Parties have failed to resolve this matter.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

22. Markos incorporates the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Markos owns a valid copyright in the Work.

24. Markos registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

25. Tabata copied, displayed, and distributed the Work and made derivatives of the Work without Markos' authorization in violation of 17 U.S.C. § 501.

26. Tabata performed the acts alleged in the course and scope of its business activities.

27. Defendant's acts were willful.

28. Markos has been damaged.

29. The harm caused to Markos has been irreparable.

WHEREFORE, the Plaintiff STEVEN LAMONT MARKOS prays for judgment against the Defendant TABATA U.S.A., INC. that:

    a. Tabata and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b. Tabata be required to pay Markos his actual damages and Defendant's profits attributable to the infringement, or, at Markos' election, statutory damages, as provided in 17 U.S.C. § 504;

    c. Tabata be required to pay Markos his damages including lost sales and Defendant's profits as provided in 15 U.S.C. § 1125;

    d. Markos be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    e. Markos be awarded pre- and post-judgment interest; and

    f. Markos be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Markos hereby demands a trial by jury of all issues so triable.

DATED: October 6, 2025            Respectfully submitted,

                                      */s/ Matthew L. Rollin*
                                      MATTHEW L. ROLLIN
                                      **SRIPLAW, P.A.**
                                      *Counsel for Plaintiff Steven LaMont Markos*